| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 5:19-CR-00144-01** |
| | : | |
| **V.** | : | **JUDGE HICKS** |
| | : | |
| **DEANDRAY CHARLES GRANT** | : | **MAGISTRATE JUDGE HORNSBY** |

# DEFENDANT'S LIST OF FORESEEABLE ISSUES

NOW INTO COURT, comes counsel for Defendant, Deandray Grant, who respectfully provides the following list of foreseeable issues:

1. Pretrial production of any *Brady/Kyles* evidence in the hands of the Government or any of its agents: Defendant hereby requests immediate production of any such material which exists.
2. Pretrial production of *Jencks* Act materials: Defendant hereby requests production of *Jencks* Act material on the Thursday prior to trial.
3. Pretrial production of criminal histories of all government witnesses as *Bagley/Giglio* material: Defendant hereby requests immediate production of any such material which exists.
4. Exchange of exhibits and exhibit lists: Defendant has not yet identified any exhibits it intends to introduce. Defendant requests production of Government exhibits and exhibit lists in accordance with this Court's standard procedure.
5. Length of case-in-chief: Defense anticipates its case-in-chief will take less than one day.

6. Stipulations: At this time, Defense will not stipulate to the genuineness, authenticity of admissibility of any evidence. Prior to the pre-trial conference, counsel for Defendant will confer with Defendant to determine if any stipulations are agreeable at that time.
7. Use of juror questionnaires: Defense requests that the juror questionnaires be made available on the Thursday before trial.
8. Jury instructions: Defendant is contemporaneously filing Proposed Jury Instructions. Most proposed instructions are verbatim from the pattern jury instructions. Counsel has made a slight language change, fully explained in the separate filing, to Instruction No. 2.43D, to make it compliant with *U.S. v. Rehaif*. If the Government is not amenable to such a change, Defense counsel is willing to try to craft an agreeable instruction that complies with *Rehaif*.
9. Admissibility of certain evidence: Defendant was charged with several additional crimes in state court (including possession of marijuana and resisting arrest). There are numerous references to this on the audio/video recording of the traffic stop/ interrogation. Defendant argues that any reference to these “other crimes” is unfairly prejudicial and not at all probative of the case at hand, and would ask that such evidence be excluded.

10. Voluntariness hearing: Defendant requests a voluntariness hearing before jury selection with regard to the post-arrest statement of the Defendant.

Defendant will notify the Court and opposing counsel if any other foreseeable issues arise.

WHEREFORE, Defendant prays that this list of foreseeable issues be found acceptable.

**GILMER & GIGLIO, LLC**

**/S/ SARAH R. GIGLIO**
**SARAH R. GIGLIO**
**LOUISIANA BAR NUMBER 36272**
3541 YOUREE DRIVE
SHREVEPORT, LOUISIANA 71105
318-459-9111 (TEL)
318-602-4716 (FAX)
EMAIL: SARAH@GILMERGIGLIO.COM