| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 5:19-CR-00144-01** |
| | : | |
| **V.** | : | **JUDGE HICKS** |
| | : | |
| **DEANDRAY CHARLES GRANT** | : | **MAGISTRATE JUDGE HORNSBY** |

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTIONS</u>**

NOW INTO COURT, comes counsel for Defendant, Deandray Grant, who respectfully submits the following list of proposed jury instructions:

From West's Fifth Circuit Pattern Jury Instructions, Criminal, 2015 Edition:

**Nos. 1.01** (Preliminary Instructions); **1.03** (Introduction to Final Instructions); **1.04** (Duty to Follow Instructions; **1.05** (Presumption of Innocence, Burden of Proof, Reasonable Doubt); **1.06** (Evidence—Excluding What is Not Evidence); **1.07** (Evidence—Inference—Direct and Circumstantial); **1.08** (Credibility of Witnesses); **1.17** (Expert Opinion Testimony); **1.18** (On or About); **1.19** (Caution—Consider Only Crime Charged); **1.20** (Caution—Punishment); **1.24** (Duty to Deliberate); **1.30** (Similar Acts); **1.31** (Possession); **1.37** ("Knowingly"—To Act); **1.39** (Interstate Commerce—Defined); **1.41** (Commerce —Defined).

Defendant hereby requests that West's Fifth Circuit Pattern Jury Instruction **2.43D**, be adapted from its current form to be in conformity with *U.S. v. Rehaif*, 588 U.S. _______ (2019).[1] Defendant proposes the following changes to the pattern jury instruction:

> …*Second:* That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year.

---

[1] "To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif* at 1.

*Third:* That Defendant was aware of his status as a felon, not allowed to possess a firearm; and

*Fourth*: That the firearm possessed traveled in interstate commerce; that is, before the defendant possessed the firearm, it had traveled in affected interstate commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another [between any part of the United State and any other country]…

WHEREFORE, Defendant, Deandray Grant, respectfully prays that the foregoing requested jury instructions be given to the jury at the trial of this matter.


**GILMER & GIGLIO, LLC**

/S/ SARAH R. GIGLIO

**SARAH R. GIGLIO**
**LOUISIANA BAR NUMBER 36272**
3541 YOUREE DRIVE
SHREVEPORT, LOUISIANA 71105
318-459-9111 (TEL)
318-602-4716 (FAX)
EMAIL: SARAH@GILMERGIGLIO.COM