UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 5:19-CR-00144-01 |
| VERSUS | * | CHIEF JUDGE HICKS |
| DEANDRAY CHARLES GRANT | * | MAGISTRATE JUDGE HORNSBY |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America, which respectfully objects to the defendant's motion in limine:

1.

The Defendant is charged by Superseding Indictment with one count of felon in possession of a firearm as a result of evidence obtained during a traffic stop.

2.

Defendant argues that the other charges obtained during the traffic stop should be excluded as they are prejudicial to Defendant. The Government objects to this motion in that the other uncharged offenses and facts that arose from the traffic stop are res gestae of Count 1 in the Superseding Indictment.

3.

Rule 403 limits the use of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." "'Unfair prejudice' ... means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[1]

All "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[2] "The balance under the Rule ... should be struck in favor of admissibility."[3]

4.

The evidence of the defendant speeding, resisting an officer, possession of marijuana, and driving under suspension are prejudicial; however, when considering whether it is unfairly prejudicial, the Court must consider its probative value. All of these charges, when considered against the charge of possession of a firearm by a

[1]F.R.E. 403, Notes of the Advisory Committee.

[2]*United States v. McRae,* 593 F.2d 700, 707 (5th Cir. 1979).

[3]*United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992) ("[T]he court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. Rule 403 is an extraordinary remedy, which should be used only sparingly since it permits the trial court to exclude concededly probative evidence....") (citation omitted) (internal quotations omitted).

convicted felon, are minor charges and establish the full effect of the Defendant's actions the night of the charged criminal act.

5.

The Government argues that the state charges are probative and do not create an unfair prejudice to the defendant. This is not extrinsic evidence, therefore the concern is not that the jury will convict based on other, uncharged bad acts; rather, the jury will simply be allowed to know the full extent of the Defendant's criminal acts on the date and time in question. This evidence will give the jury the complete story, placing all events in context. The Court can give a limiting instruction to minimize the prejudicial effect of this evidence on Defendant.

The Government respectfully requests that the defendant's motion in limine be denied.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

By: *s/J. Aaron Crawford*

J. Aaron Crawford (LA Bar No. 31682)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101-3068
(318) 676-3600 - Office
(318) 676-3663 – Fax